NEIL A. SMITH (No. 63777)
HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone:  415/434-1600
Facsimile:   415/217-5910

Attorneys for Plaintiff
IMPAX LABORATORIES, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPAX LABORATORIES, INC., | C 03 4795 |
| Plaintiff, | COMPLAINT |
| v. | |
| ALZA CORPORATION, | |
| Defendant. | |

COMPLAINT

Plaintiff IMPAX Laboratories, Inc. ("IMPAX") by way of its Complaint alleges as follows:

## THE PARTIES

1. IMPAX is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business at 30831 Huntwood Avenue, Hayward, California 94544.

2. On September 4, 2003, Alza Corporation ("Alza") filed a Complaint with this Court in Case No. 03 04032 WDB ("the Alza Complaint"). In the Alza Complaint, Alza alleged that it is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business at 1900 Charleston Road, Mountain View, California 94043.

## JURISDICTION AND VENUE

3. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. §1 et seq.

4. This Court has subject matter jurisdiction based upon 28 U.S.C. §§1331, 1338(a), 2201 and 2202.

5. This Court has personal jurisdiction over Alza for at least the reason that Alza has a place of business in California.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391 and 1400(b).

## INTRADISTRICT ASSIGNMENT

7. Because this action is an Intellectual Property Action as specified in Civil L.R. 3-2(c), the action is to be assigned on a district-wide basis.

COMPLAINT
-1-

## THE PATENTS AT ISSUE

8.  In the Alza Complaint, Alza alleges that IMPAX infringes United States Patent No. 6,124,355 ("the '355 Patent"), which is entitled "Oxybutynin Therapy." In the Alza Complaint, Alza asserts ownership of the '355 Patent.

9.  United States Patent No. 5,674,895 ("the '895 Patent") is entitled "Dosage Form Comprising Oxybutynin." On its face, the '895 Patent is assigned to Alza. A copy of the '895 Patent is attached as Exhibit A.

10. United States Patent No. 5,840,754 ("the '754 Patent") is entitled "Dosage Form Comprising Oxybutynin." On its face, the '754 Patent is assigned to Alza. A copy of the '754 Patent is attached as Exhibit B.

11. United States Patent No. 5,912,268 ("the '268 Patent") is entitled "Dosage Form and Method for Treating Incontinence." On its face, the '268 Patent is assigned to Alza. A copy of the '268 Patent is attached as Exhibit C.

12. United States Patent No. 6,262,115 B1 ("the '115 Patent") is entitled "Method for the Management of Incontinence." On its face, the '115 Patent is assigned to Alza. A copy of the '115 Patent is attached as Exhibit D.

## THE ALZA NDA AND IMPAX ANDA

13. On information and belief, Alza is the holder of New Drug Application No. 20-897 for Ditropan XL® (oxybutynin extended released tablets), 5 mg, 10 mg, 15 mg (the "Ditropan Product").

14. The following five U.S. patents, among others, are identified in the U.S. Food and Drug Administration ("FDA") publication entitled "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book") with respect to the Ditropan Product: the '895 Patent, the '754 Patent, the '268 Patent, the '355 Patent, and the '115 Patent (collectively, "the Orange Book Patents"). Upon information and belief, Alza caused FDA to list the Orange Book Patents in the Orange Book.

15. IMPAX has submitted an Abbreviated New Drug Application ("ANDA") to

COMPLAINT
-2-

1  FDA, which was assigned No. 76-745 ("IMPAX ANDA"), for oxybutynin chloride extended release tablets, 5 mg, 10 mg, and 15 mg ("IMPAX Product"). The IMPAX ANDA and its subsequent amendment include certifications made pursuant to 21 U.S.C. §355(j)(2)(A)(vii)(IV) with respect to each of the Orange Book Patents (the "Paragraph IV Certifications").

16. On or about July 25, 2003, IMPAX, via Mr. Kendrew H. Colton, mailed to Alza a "Notice Under 21 U.S.C. §355(j)(2)(B)(i) and (ii), With Reference to U.S. Patent Nos. 5,674,895; 5,840,674 [sic]; 5,912,268; 6,262,115; and 6,124,355" dated July 25, 2003 ("First Notice"), which states, inter alia, that FDA received from IMPAX the IMPAX ANDA that included, inter alia, the Paragraph IV Certifications. The First Notice further states, inter alia, that the '895 Patent, the '754 Patent, the '268 Patent, the '355 Patent, and the '115 Patent "are invalid, unenforceable and/or not infringed, either literally or under the doctrine of equivalents, under any provision of Title 35 United Sates Code by the commercial manufacture, use, offer for sale, sale or importation of the proposed drug described in IMPAX's ANDA No. 76-745."



17. On or about August 19, 2003, IMPAX, via Mr. Kendrew H. Colton, mailed to Alza a "Notice Under 21 U.S.C. §355(j)(2)(B)(i) and (ii), With Reference to U.S. Patent Nos. 5,674,895; 5,840,674 [sic]; 5,912,268; 6,262,115; and 6,124,355" dated August 19, 2003 ("Second Notice"), which states, inter alia, that FDA received from IMPAX an amendment to the IMPAX ANDA that included, inter alia, the Paragraph IV Certifications. The Second Notice further states, inter alia, that the '895 Patent, the '754 Patent, the '268 Patent, the '355 Patent, and the '115 Patent "are invalid, unenforceable and/or not infringed, either literally or under the doctrine of equivalents, under any provision of Title 35 United Sates Code by the commercial manufacture, use, offer for sale, sale or importation of the proposed drug described in IMPAX's ANDA No. 76-745."

## THE PRESENCE OF A CASE OR CONTROVERSY

18. Under 35 U.S.C. §271(e)(2)(A), IMPAX's submissions of the Paragraph IV

Certifications to FDA constitute an "act of infringement" for subject matter jurisdiction purposes for each of the Orange Book Patents.

19. In the Alza Complaint or elsewhere, Alza has never disavowed an intent to assert that IMPAX infringes the '268 Patent, the '754 Patent, the '895 Patent, or the '115 Patent (collectively, "the Unasserted Patents").

20. IMPAX has made, and will continue to make, substantial preparation in the United States to manufacture, sell, and offer to sell the IMPAX Product.

21. Because Alza caused the FDA to list the Unasserted Patents in the Orange Book but did not assert the Unasserted Patents in its Alza Complaint, even though the Unasserted Patents cover the same technology and share substantial content, IMPAX has a reasonable apprehension that Alza will bring suit for infringement of the Unasserted Patents at some time in the future, either before or after the commencement of commercial marketing or sale of the IMPAX Product.

22. To avoid legal uncertainty and to protect its substantial investment (and anticipated future investment) in the IMPAX Product, IMPAX has brought these declaratory judgment claims for the Unasserted Patents.

## COUNT I
### (Declaratory Judgment of Noninfringement of the '895 Patent)

23. IMPAX realleges paragraphs 1-22 above as if fully set forth herein.

24. A case or controversy exists between IMPAX and Alza concerning the alleged infringement of the '895 Patent, which requires a declaration of rights by this Court.

25. The commercial manufacture, use, offer for sale, sale, or importation of the IMPAX Product does not and will not infringe any claim of the '895 Patent.

## COUNT II
### (Declaratory Judgment of Noninfringement of the '754 Patent)

26. IMPAX realleges paragraphs 1-25 above as if fully set forth herein.

COMPLAINT
-4-

27. A case or controversy exists between IMPAX and plaintiff concerning the alleged infringement of the '754 Patent, which requires a declaration of rights by this Court.

28. The commercial manufacture, use, offer for sale, sale, or importation of the IMPAX Product does not and will not infringe any claim of the '754 Patent.

## COUNT III
### (Declaratory Judgment of Invalidity of the '754 Patent)

29. IMPAX realleges paragraphs 1-28 above as if fully set forth herein.

30. A case or controversy exists between IMPAX and plaintiff concerning validity of the '754 Patent, which requires a declaration of rights by this Court.

31. All claims of the '754 Patent are invalid for failing to comply with the requirements of the patent laws of the United States, 35 U.S.C. §§102, 103, or 112.

## COUNT IV
### (Declaratory Judgment of Noninfringement of the '268 Patent)

32. IMPAX realleges paragraphs 1-31 above as if fully set forth herein.

33. A case or controversy exists between IMPAX and Alza concerning the alleged infringement of the '268 Patent, which requires a declaration of rights by this Court.

34. The commercial manufacture, use, offer for sale, sale, or importation of the IMPAX Product does not and will not infringe any claim of the '268 Patent.

## COUNT V
### (Declaratory Judgment of Noninfringement of Claims 4-5, 8-13, 18-21, and 26-31 of U.S. Patent No. 6,262,115)

35. IMPAX realleges paragraphs 1-34 above as if fully set forth herein.

36. A case or controversy exists between IMPAX and Alza concerning the alleged infringement of the '115 Patent, which requires a declaration of rights by this Court.

37. The commercial manufacture, use, offer for sale, sale, or importation of the

IMPAX Product does not and will not infringe at least claims 4-5, 8-13, 18-21, and 26-31 of the '115 Patent.

### COUNT VI
### (Declaratory Judgment of Invalidity of Claims 1-3, 6-7, 14-17, and 22-25 of U.S. Patent No. 6,262,115)

38. IMPAX realleges paragraphs 1-37 above as if fully set forth herein.

39. A case or controversy exists between IMPAX and plaintiff concerning validity of the '115 Patent, which requires a declaration of rights by this Court.

40. At least claims 1-3, 6-7, 14-17, and 22-25 of the '115 Patent are invalid for failing to comply with the requirements of the patent laws of the United States, 35 U.S.C. §§102, 103, or 112.

### PRAYER FOR RELIEF

WHEREFORE, IMPAX prays that this Court:

A. Enter judgment that the commercial manufacture, use, sale, offer for sale, or importation of the IMPAX Product does not and will not infringe any claim of the '895, '754 and '268 Patents;

B. Enter judgment that the commercial manufacture, use, sale, offer for sale or importation of the IMPAX Product does not and will not infringe claims 4-5, 8-13, 18-21, and 26-31 of the '115 Patent;

C. Enter judgment that all claims of the '754 Patent are invalid;

D. Enter judgment that claims 1-3, 6-7, 14-17, and 22-25 of the '115 Patent are invalid;

E. Permanently enjoin Alza, its officers, agents, directors, servants, employees, subsidiaries, and assigns, and all those acting under the authority of or in privity with it or with any of them, from asserting or otherwise seeking to enforce, the '895 Patent, the '754 Patent, the '268 Patent, or the '115 Patent against IMPAX;

F. Award costs incurred by IMPAX in this action;

1  G. Declare this case exceptional and award reasonable attorneys' fees to IMPAX
2  pursuant to 35 U.S.C. §285; and
3  H. Grant such other and further relief as the Court deems just and proper.

DATED: October 24, 2003.

Respectfully,

NEIL A. SMITH
HOWARD, RICE, NEMEROVSKI, CANADY,
  FALK & RABKIN
A Professional Corporation

By: /s/ Neil A. Smith
    NEIL A. SMITH

Attorneys for Plaintiff IMPAX LABORATORIES, INC.

OF COUNSEL:

DAVID M. HASHMALL, P.C.
FREDERICK H. REIN
MARK I. KOFFSKY
GOODWIN PROCTOR LLP
599 Lexington Avenue
New York, NY 10022
Telephone: 212/813-8800
Facsimile: 212/355-3333

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Chemical Company of Malaysia Berhad
J.P. Morgan Chase & Co
Orvet UK Ltd..
Teva Pharmaceutical Industries Ltd.
Teva Pharmaceuticals Curacao N.V.
Teva Pharmaceuticals Europe B.V. (Holding - Holland)
Teva Pharmaceuticals USA, Inc.

DATED: October 24, 2003.

NEIL A. SMITH
HOWARD, RICE, NEMEROVSKI, CANADY, FALK & RABKIN
A Professional Corporation

By: _____
       NEIL A. SMITH

Attorneys for Plaintiff IMPAX LABORATORIES, INC.

OF COUNSEL:

DAVID M. HASHMALL, P.C.
FREDERICK H. REIN
MARK I. KOFFSKY
GOODWIN PROCTOR LLP
599 Lexington Avenue
New York, NY 10022
Telephone: 212/813-8800
Facsimile: 212/355-3333

COMPLAINT
-8-